IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sono Irish, Inc., d/b/a Nibils, | ) | Civil Action No.: 4:13-cv-00249-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Town of Surfside Beach, Edwin L. Booth, Cecil Chandler, and William Rempfer, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Now before the Court is Plaintiff Sono Irish, Inc.'s Rule 59(e) motion for reconsideration of the Court's Order of July 9, 2014, which denied Plaintiff's motion for leave to amend its complaint to add two new individual plaintiffs. ECF No. 53. Defendant Edwin L. Booth responded to the motion, ECF No. 57, and Plaintiff, in turn, submitted a reply, ECF No. 59. After reviewing the arguments of the parties in their memoranda, the Court denies Plaintiff's motion.

Motions under Rule 59 of the Federal Rules of Civil Procedure are not to be made lightly; "reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citations and internal quotation marks omitted). "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citations and internal quotation marks omitted). The Fourth Circuit has held a motion to reconsider should be granted for only three reasons: (1) to follow an

intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

In an order denying Plaintiff's motion to amend its complaint to add two individual plaintiff's, the Court found that Plaintiff's proposed amendment would be futile because (1) the applicable statute of limitations had run and (2) the two proposed plaintiffs—the sole shareholders of Plaintiff—did not have standing to join the claims alleged against Plaintiff, a corporation. ECF No. 46. Plaintiff argues that the Court's reconsideration is necessary to avoid manifest injustice. Plaintiff seeks the Court's reconsideration of its order, arguing that the amendment would not be futile because it would prevent a possible defense argument by Defendants that Plaintiff, a corporation, does not report profits and accordingly cannot claim lost profits. Plaintiff points out, however, that all of its profits are passed on to its two individual shareholders as pay. Specifically, Plaintiff emphasizes that Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure permits the addition of the proposed plaintiffs to relate back to the filing date of the original complaint. Plaintiff, moreover, argues that the proposed plaintiffs have standing, assuming that Plaintiff's "pass-through profits 'belong' to [the proposed plaintiffs] as a matter of law," because they are "the real parties in interest to assert [the] claims" against Defendants.

The Court finds that Plaintiff has not made an adequate showing under Rule 59(e) that the Court committed clear error or that manifest injustice will result. First, the Court's ruling is consistent with both the language of Rule 15(c)(1)(C) and a holding by the Fourth Circuit that the rule "permits a plaintiff to name a new defendant *in place of* an old one, but does not permit a plaintiff to name a new defendant *in addition to* the existing ones." *Onan v. Cnty. of Roanoke*, 52 F.3d 321, at *2 (4th Cir. 1995) (table opinion) (emphasis in original). Even assuming that Rule 15(c)(1)(C) applies to plaintiffs, the logic of *Onan* would prohibit Plaintiff from adding additional

2

plaintiffs after the statute of limitations has run.  Second, Plaintiff has not shown that the Court clearly erred in finding that the proposed plaintiffs lack standing.  Plaintiff continues to assert that it does not seek to add new claims, only additional individual plaintiffs, yet Plaintiff has not shown that Defendants owed the additional individual plaintiffs a special duty or that the additional individual plaintiffs' injuries are separate and distinct from that of Plaintiff, a corporation.  *Smith Setzer & Sons, Inc. v. S.C. Procurement Review Panel*, 20 F.3d 1311, 1317 (4th Cir. 1994); *see also Rice-Marko v. Wachovia Corp.*, 728 S.E.2d 61, 65 (S.C. Ct. App. 2012) (citing *Barger v. McCoy Hillard & Parks*, 488 S.E.2d 215, 219 (N.C. 1997)).  Plaintiff contends that the additional individual plaintiffs are the real parties in interest; however, it provides no legal or factual support to show that their substantive rights—as opposed to the rights of Plaintiff corporation—were directly injured by Defendants' alleged conduct.  Moreover, Plaintiff never raised this argument in its initial motion, and it is, of course, not the purpose of a Rule 59(e) motion to raise new arguments or to relitigate previous arguments.  *See Exxon Shipping Co.*, 554 U.S. at 485 n.5.   Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

    **IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

October 7, 2014<br>
Florence, South Carolina

3